NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BENYAMIN GRANDOVSKY, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>HAYT, HAYT & LANDAU, LLC,<br><br>    Defendant. | Civ. No. 15-6451<br><br><br>OPINION |

THOMPSON, U.S.D.J.

INTRODUCTION

This matter is before the Court upon Defendant Hayt, Hayt & Landau LLC's Motion to Dismiss. (ECF No. 8). Plaintiff Benyamin Grandovsky opposes this Motion. (ECF No. 9). The Court has decided the Motion based on the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated below, Defendant's Motion is granted, and Plaintiff's Complaint is dismissed with prejudice.

BACKGROUND

Plaintiff's allegations are as follows: Plaintiff allegedly owes a personal credit card debt to Capital One Bank USA, N.A. (Pl.'s Compl. ¶¶ 14-15, ECF No. 1). The debt is comprised of $998.11 of a previous balance, and $17.09 in interest and other charges, for a total of $1,015.20. (*Id.* ¶ 27). Plaintiff does not admit or deny owing the debt. Capital One contracted with Defendant to collect the debt. (*Id.* ¶ 20). Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6), part of the Fair Debt Collection Practices Act ("FDCPA"). (*Id.* ¶ 23). Defendant sent Plaintiff a "communication" to collect the debt that is subject to the FDCPA. (*Id.* ¶ 23).

1

This "communication" is a letter dated August 28, 2014. (*Id.*) The letter breaks down Plaintiff's debt as follows:

| | |
|---|---|
| Unpaid Balance | $1,015.20 |
| Interest | $.00 |
| Less Payments | $.00- |
| Balance Due: | $1,015.20 |

(*Id.* ¶ 26). Plaintiff states that this presentation of the debt would confuse, deceive, or mislead the typical least sophisticated consumer, because the "Unpaid Balance" line includes both the principal and previously accrued interest, but a consumer might think there is no interest included, since there is a separate "Interest" line just below the "Unpaid Balance" line. (*Id.* ¶ 32). Plaintiff does not allege that any interest has been added since Defendant acquired the debt that should be displayed on the "Interest" line.

Plaintiff filed a Complaint on August 27, 2015, alleging that Defendant violated § 1692e of the FDCPA, as well as §§ 1692f and 1692g. (ECF No. 1). Defendant moved to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. (ECF No. 8).

LEGAL STANDARD

When considering a Rule 12(b)(6) motion, a district court must conduct a three-part analysis: "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept all of the plaintiff's well-pleaded factual allegations as true and construe the complaint in the light most favorable to the plaintiff, though the court should disregard legally conclusory allegations. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). Finally, the court must determine whether the "facts alleged in the complaint are sufficient to show the plaintiff has a 'plausible claim for relief.'" *Id*. at 211. It is

2

not enough for a pleading to offer "only 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" to survive a motion to dismiss; the plaintiff's allegations, taken together, must support a plausible claim under each cause of action. *Id*. at 210.

## DISCUSSION

Congress passed the FDCPA in order to eliminate abusive debt collection practices. *Jensen v. Pressler & Pressler*, 791 F.3d 413, 418 (3d Cir. 2015). The Act was "designed to give debtors reliable information so that they can make informed decisions about how to address debts." *Id.* at 421. Section 1692e of the Act prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Since the FDCPA is a remedial statute, the Third Circuit construes the language of the FDCPA broadly. *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006).

When deciding if a debt collection practice violates the FDCPA, the Third Circuit and other courts use "the least sophisticated debtor" standard. This standard is lower than that of a "reasonable debtor," but it still presumes that the debtor reads collection notices with care. *Jensen*, 557 F.3d at 418. The standard is objective, meaning that a plaintiff does not need to prove he or she was actually mislead or deceived, but rather that the least sophisticated debtor could be misled or deceived by a collection practice. *Id.* at 419.

The Third Circuit has stated that a collection letter is deceptive in violation of § 1692e "when it can reasonably be read to have two or more different meanings, one of which is inaccurate." *Brown*, 464 F.3d at 455 (citation omitted). Plaintiff relies heavily on this language in his brief, arguing that the "Interest $.00" line could be inaccurately read to mean that no interest has ever been charged to Plaintiff's account, and therefore the letter is deceptive. (Pl.'s Mem. in Opp'n 6-8, ECF No. 9). However, the Third Circuit recently clarified that letters with

3

at least two different meanings are only deceptive if the ambiguous language in the letters is material. In *Jensen v. Pressler & Pressler*, 791 F.3d 413 (3d Cir. 2015), the Third Circuit implicitly adopted this materiality requirement from a Seventh Circuit case called *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755 (7th Cir. 2009). Judge Easterbrook stated in *Hahn* that "[a] statement cannot mislead unless it is material, so a false but non-material statement is not actionable." 557 F.3d at 758. Judge Easterbrook concluded specifically that "reporting [previously accrued] interest in one line item rather than another" in a collection letter was not a material fact, and therefore could not be a basis for any federal claim. *Id.* at 757.

In *Jensen*, the Third Circuit described the materiality requirement laid out in *Hahn*, and then stated "[i]t is therefore clear that the materiality requirement is simply another way of phrasing the legal standard we already employ when analyzing claims under § 1692e." 791 F.3d at 421. The Court went on to conclude that adopting a materiality requirement for claims under § 1692e was consistent with Congress' intent, since "[a] debtor simply cannot be confused, deceived, or misled by an incorrect statement unless it is material." *Id.* Lastly, the Court explained that a statement in a collection letter is only material "if it is capable of influencing the decision of the least sophisticated debtor." *Id.*

Plaintiff has not pled any facts to show that including the previously accrued interest on the "Unpaid Balance" line was material.[1] Plaintiff does not allege that placing the previously accrued interest on the "Unpaid Balance" line affected his decision-making process, or that it

---

[1] Plaintiff points to *Mushinsky v. Nelson, Watson & Assoc., LLC*, 642 F. Supp. 2d 470 (E.D. Pa. 2009) to support his position. In *Mushinsky*, a factually analogous case, the Court denied the defendant's motion for judgment on the pleadings because the "principal" line (which included previously accrued interest) could be read incorrectly to exclude such interest. 642 F. Supp. 2d at 473. The Court did not do a materiality analysis, noting "no court in our Circuit has relied on" *Hahn*. *Id.* at 472 n.2. However, *Mushinsky* was decided over six years ago, before *Jensen* held that *Hahn's* materiality requirement was part of the Third Circuit's existing "least sophisticated debtor" standard. *See Jensen*, 791 F.3d at 421.

4

could affect the decisions of the least sophisticated debtor.  Nor is it apparent how Plaintiff could allege any such facts.  What previous charges make up the underlying debt is not of any apparent relevance given that the total due and currently accruing interest ($.00) are accurately reported in the letter.  *See Hahn*, 557 F.3d at 757 (noting that "[a] dollar due is a dollar due" and listing previously accrued interest in this way "harms no one and . . . may well assist some people.").  Therefore, Plaintiff's Complaint fails to state a claim under § 1692e of the FDCPA, and this Court will not grant leave to amend.

Plaintiff does not specifically respond to Defendant's arguments to dismiss Plaintiff's claims under §§ 1692f and 1692g.  15 U.S.C. § 1692f prohibits debt collectors from using "unfair or unconscionable means" in debt collection attempts.  Examples of prohibited practices are soliciting postdated checks, or getting a debtor to accept collect calls by concealing the true purpose of the debt collector's call.  15 U.S.C. § 1692f(3); *id.* § 1692f(6).  Plaintiff does not allege that Defendant's conduct was "unfair or unconscionable" along the lines of the examples in the statute.  Plaintiff simply makes a conclusory statement that Defendant violated § 1692f by having an "Interest" line that read "$.00" and including Plaintiff's previously accrued interest in an "Unpaid Balance" line.  (Pl.'s Compl. ¶ 38, ECF No. 1).  Such conclusory statements may not survive a motion to dismiss under Rule 12(b)(6).  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

15 U.S.C. § 1692g requires debt collectors to send debtors a letter stating the amount of their debt.  Plaintiff alleges that Defendant inaccurately stated the amount Plaintiff's debt by including the previously accrued interest on the "Unpaid Balance" line.  (Pl.'s Compl. ¶¶ 45-46, ECF No. 1).  Plaintiff does not allege that Defendant misstated the amount Plaintiff owes.  An allegation that "the least sophisticated consumer [would] be confused and misled that there was no interest included in the amount sought, when in fact there was such interest included in the

Unpaid Balance," (Pl.'s Compl. ¶ 48), is not an allegation that the "amount of the debt," clearly stated in the "Unpaid Balance" line is incorrect.  Therefore, Plaintiff's claim under 15 U.S.C. § 1692g must be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss will be granted.  An appropriate order will follow.

 */s/ Anne E. Thompson*  
ANNE E. THOMPSON, U.S.D.J.